Cadwell versus Kaufman at this time. Instead of taking a break. Three notebooks, big notebook, that's gonna be five minutes a notebook. I had that same insecurity when I was in your position. I'd bring in large boxes knowing that I couldn't even go through them, much less find something. Whenever you're ready, Mr. Meichler. Thank you, Your Honor. May it please the Court, I'm Brian Meichler. I represent the appellant in this case, Mr. Lloyd Cadwell. Your Honor, this case presents an opportunity for the Court to reverse a district court opinion dismissing Mr. Cadwell's complaint against KEL on a motion to dismiss. I feel that the district court opinion was clear error where in the complaint, Mr. Cadwell had alleged that KEL violated 11 U.S.C. 526A4 as a debt relief agency, which advised Mr. Cadwell as an assisted person. KEL . . . We're all over that. We know. Yes, Your Honor. It's a question of statutory interpretation which you need to get to. Yes, Your Honor. The statutory interpretation in this case, initially, Your Honor, the district court found that Mr. Cadwell had alleged and the district court accepted as true all four elements of the statutory interpretation, debt relief agency, assisted person, advice to incur debt, and the actual payment of attorney's fees by Mr. Cadwell after the signing of a Chapter 7 contract with KEL. The issue with the district court, as the court is well aware, was that what it interpreted the statute to mean does not comply with what the statute actually says. Can I ask you this? One of the idiosyncrasies of the statute, I guess, that manifests itself in what the Supreme Court said in Milavitz or Malavitz or however you pronounce it, is sort of where the hinge point in the statute is, right? Does the incurring, the advice to incur, does that occur sort of outside the parentheses or inside the parentheses such that does the statute say that a debt relief agency, including a law firm, shall not advise an assisted person or prospective assisted person to incur more debt either, one, in contemplation of a bankruptcy proceeding, or two, to pay the lawyer, or does it say the debt relief agency shall not advise an assisted person, one, to incur debt in contemplation of a bankruptcy proceeding, or two, to pay the lawyer? You see what I'm saying? Where does the either go? And the difficulty is that the Supreme Court in Milavitz seemed to put the either in a place that I wouldn't have expected it to be. And I believe the Supreme Court was clear in that it was two separate components of the statute. And really what you look at is does it lead to an absurd result if you just say you can't pay for bankruptcy? There would be no more bankruptcy at that point. So it can't say you just can't pay a term. So it's got to be, you're saying, advice to incur debt either in contemplation or to pay your lawyer. Correct, Your Honor. Because otherwise grammatically it doesn't work. It would say under the interpretation that the contemplation has to be to pay attorney to incur more debt in contemplation of such person to pay an attorney. It seems to the in contemplation focuses on the incurrence  Well, in contemplation of such person grammatically is smooth with filing a case. In contemplation of filing a case. But in contemplation of such person to pay an attorney doesn't work grammatically. It does not, Your Honor. And the Supreme Court has occasionally said you can consider grammar in interpreting the statute. To incur more debt to pay an attorney works fine. And the Supreme Court had, I thought, made reasonably clear for its Supreme Court opinion in Milakovic's that the operative word was in contemplation. Operative phrase, the key phrase, the primary phrase. They said it was his primary basis of his position was in contemplation of bankruptcy as a meaning. Correct, Your Honor. And what they found was that the in contemplation language when they were talking about general debt, they really broke it down to is this an improper motivation or is it a proper motivation for the debtor to incur debt. They cited some examples of refinancing a mortgage or purchasing a car which may be proper financial advice by an attorney. And the attorney was free to discuss those. What they didn't like was go out, run up some debt, we'll discharge this in the bankruptcy. And that seems to be the distinction in both parts of the statute when you look at really the difference between the first part and the second part is where the money ends up. Does it end up in the debtor's hands when they incur new debt? Then you use the improper motivation standard. Did they use the new debt for something that may be proper like a refinance of a mortgage or a car or did it end up in the hands of the attorney? Under what appears to be the lack of in contemplation of language in the second part of the statute, we would submit, Your Honor, that the lack of the in contemplation language and the lack of this type of test, this improper motivation test, sets out a per se standard where Congress looked at attorney advice or debt relief agency advice, however you want to say it, to an assisted person to incur debt to pay attorney's fees is prohibited. What was your position that happened to your client that violated this? And, Your Honor. That's what I don't understand exactly. They went to an attorney and took out bankruptcy and incurred debt? Yes, Your Honor. On the advice of the attorney. Credit card. Yes, Your Honor. Four separate occasions. The use of the credit card or the fact that the attorney said you're going to have to pay the fees? Or is it something else? It's something else, Your Honor. It's the advice to use the credit card and incur debt in order to pay the attorney's fees. Taken by themselves, they don't all. You could just say use that credit card for whatever you want, but you're going to have to pay me $1,700 or whatever it was. The only real case that's dealt with this issue is the unpublished opinion in Seidel. And in that case, the bankruptcy judge, who you would assume is familiar with general bankruptcy practice and deals with it on a daily basis, what she said in that instance when she looked at it, there was a conflict as to was there some type of improper motivation in this. And what she said, it doesn't matter. When the attorney advises the client to pay bankruptcy attorney's fees through the occurrence of debt, what needs to be looked at is did the attorney advise that person to do that? And when they actually charged the card, she considered that a tacit encouragement to incur new debt. So you really have to get away from the improper motivation about whether this was fraud or whether it wasn't fraud because what Congress has set up in this instance is almost like a strict liability per se test where if you do this, if you advise a client as a debt relief agency to incur debt and the money ends up paying for Chapter 7 attorney's fees or some bankruptcy attorney's fees, that's a violation of the statute. Not that it's a decisive factor. I think the language is a decisive factor. But why would Congress want to say you can't incur more debt even to pay a reasonable amount of attorney's fees? I mean, you can always make a debt above a certain amount incurred for legal representation non-dischargeable. But why would Congress want to say you can go to the ATM and get cash and pay him, but you can't use the credit card? I'm sorry, he can't instruct you or advise you to use the credit card? If you're looking at credit cards, it's per se fraudulent because when the client uses the credit card to pay a bankruptcy attorney's fees, there will be a bankruptcy in the very near future and that debt will be discharged. So you have a situation where Congress understood that nobody's going to go in, pay a bankruptcy attorney on a credit card, and then not file a bankruptcy until they've paid off the credit card. You're in a situation where imminently the bankruptcy will be filed. In this case, there's a contract to file the bankruptcy. There's a contract which lays out a payment schedule. But there doesn't have to be. I mean, he could have advised the guy not to file. This is not in your interest. Here's what we do short of filing bankruptcy. But certainly that could have been the advice, but that wasn't. But your position is Congress could have assumed that's a rare situation when the attorney gives that advice. Well, not only is it rare, it just didn't happen in this case, Your Honor. I know, but Congress wasn't thinking about this case. Sir, and that's where you would look at if you just say to somebody, don't file bankruptcy. That's not advice to incur debt in . . . No, but if he advised him to incur debt to retain the attorney to get advice, that would be covered by the statute, would it not? Yes, Your Honor. They would be a prospective assisted person at that time. No, it says preparing for or representing a debtor in the case. I'm not sure that just general advice, and if the advice is don't file, I'm not sure that would fit the statute. Thank you. Because you wouldn't be preparing for or representing a debtor in a case under the bankruptcy time. In the first part of the statute, Your Honor, it says advise an assisted person or a prospective assisted person, and that seems to cover someone coming in talking about bankruptcy who may not . . . I was trying to help you out, but I'll be willing to abandon the effort. I appreciate that, Your Honor. It's a small point in any event. All right. Let's hear now from Mr. Herman. Mr. Herman, I apologize. I'm probably the one that did it, but it looks like I've given the folks arguing against you 25 minutes and you only 15. I hope you would accept that as a compliment, but if you need another five minutes, I'm not suggesting you should. I appreciate it, Your Honor. I believe that 15 will probably be fine. Okay. Thank you. May it please the Court, Your Honors. Adam Herman on behalf of Kauffman, Englert, and Lind, attorneys. They're also known as CAL. There's three specific points or key points that's before this Court. The first is the district court was correct in dismissing appellate's claim under 11 U.S.C. 526-84 because the appellate failed to allege facts sufficient to support that CAL provided advice to appellees to incur debt in contemplation of bankruptcy. On the twig ball, as we call it, point, it seemed to me like it's a historical fact when you allege that he instructed the plaintiff, in this case, to incur debt, to pay it, to use his credit card. Isn't that what the . . . I copied that page of the complaint. I thought that's what they alleged. They alleged that CAL advised him to pay . . . No, said he instructed him. Page 11. Yes, says instructed him to pay the initial retainer and all subsequent payments by credit card. Whatever. Advice instructed. That being said, advice to incur debt in and of itself is not improper. It's advice to incur debt in contemplation of. Well, no, that's the issue. But I thought the district court held that they didn't adequately, even if the in contemplation didn't apply, I thought there was at least the implication in the district court's opinion, I thought it was more than that, that they had not alleged that he had advised him to incur more debt to retain his services.  I actually understood the district court opinion to be saying that the allegation of advice to pay by credit card, which is what he paraphrased in . . . Required an improper purpose beyond the incurring of debt to get there. Well, that's fine. That makes sense. It didn't make sense otherwise to say instructed him to pay the initial retainer by credit card was not advice to incur more debt. Correct. Okay, all right. That's helpful. I think the district court was saying it's advice to incur debt, but you don't have a proper purpose. Your case depends on in contemplation of search person filing a case modifying pay an attorney. Yes and no. Yes. Can I ask a question just to make sure we've tied up the point that Chief Judge Connors was just asking about? Do you agree that if the statute is properly read to say that the debt relief agency shall not advise an assisted person to incur more debt to pay his lawyer, that the allegation in paragraph 10 is sufficient? That's unconstitutional. Then it's unconstitutional. I know, but it would advise the element. If you take the in contemplation out, that would be an adequate under . . . I keep wanting to call it Twombly and Iqbal. Twombly and Iqbal would be enough. I mean it says thou shall not advise, and he says they instructed me. To pay by credit card, yes, it is . . . Would be. It would be an allegation that would be sufficient to show incurred debt. It's a reference. It's an inference that to be made, but it's not in and of itself a fact that says it incurs debt because you can tell them to go ahead and pay by credit card, but go ahead and pay it back two weeks later. Do you agree with the position of the United States . . . Go ahead and pay a credit card. I'm sorry. Do you agree with the position of the United States in this? It needs to go back down. Let the court interpret this second clause. I think the court did interpret the second clause. I think the lower court turned around and said, and this gets into part of the constitutionality of that second portion and constitutional avoidance. I think the court went ahead and said, you need to have the in-contemplation of because we need an improper purpose. Otherwise, it sweeps too broadly. And the court looked at Milovic's and said, Milovic's took the first part and said, okay, we know that to incur debt, advice to incur debt in and of itself sweeps too broadly. We have to narrow it. So they went ahead and they said, well, in-contemplation of means now improper purpose. I'm paraphrasing. Then the district court turned around and said, okay, I have Milovic's here. I have now a statute that says advice to pay a fee under this title to an attorney. Well, that can't be the test because we know the bankruptcy . . . To pay an attorney. Right. Advise him to incur more debt to pay him the attorney. Right, but that is exactly what Milovic's was fighting about. No, it wasn't. Well, it was fighting about it in the sense that the Bankruptcy Abuse and Prevention Act and Consumer Act was designed for abuse and that there was times in which . . . No, what they said is the key language was in-contemplation of such person following a case. That language imputes, implies, incorporates an improper purpose. Loading up, as they called it. That's what Congress . . . That's what that phrase means. We assume Congress knows what it means. That's why there has to be an improper purpose. A problem I have . . . There's all kinds of semantic and structural problems I have with your position . . . Well, there are two. One is if we read an improper purpose that is in-contemplation of such person filing a case, if we read that as transitive in applying to pay an attorney, incurring more debt to pay attorney, then everything after title and before or is superfluous. If you . . . If it's a violation to advise somebody to incur any more debt in contemplation of bankruptcy, if that is what the Supreme Court said and it did in Malcolm's case, then if we require in-contemplation of such person filing a case, modifying to pay an attorney, then paying an attorney for advice, incurring more debt to pay an attorney for advice is incurring more debt. You've got the general in contemplation, don't incur any more debt. You can't advise him to incur any more debt in contemplation of bankruptcy. Oh, by the way, you can't advise him to incur debt to pay an attorney in contemplation of bankruptcy. Well, the specific is incorporated in the general. Everything after title is pointless. The reverse can be said. If you say that . . . If the Supreme Court has said, well, there was times when you could incur debt and it's appropriate, but you can never incur appropriate debt when you . . . Yeah, incur a debt to pay an attorney, advise an assisted person, and they define assisted person the way counsel said. You can't advise him to incur debt to pay an attorney regardless of whether it's for an improper purpose or not because the first clause covers improper purpose. When you say or, that means another way, an alternative way of violating the section, and that is incurring more debt to pay the attorney regardless of in contemplation. Then it would be the appellate's position that at that point you have a constitutional . . . You have an unconstitutional statute because you're regulating the advice of an attorney to incur debt, which is not for an improper purpose, just in general, advice to pay. You're saying, we know that the Bankruptcy Abuse and Prevention Act is a compelling interest from Congress. We know it's to prevent fraud, abuse, protect creditors, but there are situations in which an attorney can give advice to incur debt, and it would not be to discharge or abuse the system. As an attorney, I can say to the client, listen, here's what I want you to do. You go ahead and pay me my credit card. Pay my credit card right now. We're not going to file the petition until it's all paid off at that point. Two, go ahead and pay my credit card, but you're going to have to reaffirm the debt. So we're going to go to the trustee, and you're not going to be able to discharge this debt. You're paying me, but you're going to reaffirm it. That's not an abuse. Three, the attorney can go ahead and say, well, client, you've told me you have $500 and a credit card. I want you to pay me the $500, but take the credit card and turn on your heat and your electricity for the kids. Now, I've advised her to pay me, albeit it's not for an improper purpose. She's paying me cash. She's not creating the debt with me, but I've advised her to pay me, and she's incurred a debt because I just told her to use the credit card to turn on the heat. The question would be whether she incurred the debt to pay the attorney, and if she didn't, that's a way to advise around the statute. No statute is perfect. Even if we accept, I think it could be read the way I just postured it to the court, but even if we accept the court's position there, the first two are conduct which would be outside the compelling interest of Congress to regulate the bankruptcy. It's not narrowly tailored because they could just simply say, you can't accept fees for an improper purpose. All right. Then tell me when, back to my redundancy point, when would the second clause ever apply? Under your interpretation, it has to be for an improper purpose that he advised him to incur a debt to pay the attorney. When would that ever not be covered by the first clause, to incur more debt for an improper purpose? Somebody says, oh, you violated the second clause because you advised him for an improper purpose to pay you in contemplation. All right. That's already covered by the first point. When will the second clause ever have any operation that is not covered by the first clause? The more general, broader clause that, under your interpretation, covers every incurring of a debt in contemplation of bankruptcy. Every one of them. I cannot think of one off the top of my head. Because it doesn't exist. But if we accept that premise, and if it doesn't exist, then you have a constitutional problem with this. Good. Let's move on to the constitutional issue. You can't rewrite a statute contrary to the way Congress wrote it to avoid the constitutional issue. The Supreme Court even has said that on a number of occasions. And it has to be that way. You can't just say, Congress throws something up there, and if it's unconstitutional, we'll rewrite it. Well, I think that's a – maybe I'm not understanding it correctly, but Milovic's itself was the court saying we have – they didn't say there was constitutional avoidance, but that's what they were doing. They said the word narrowly, which may have been – Well, if there's an ambiguity as to, in that case, what in contemplation of such person filing was. And they said that's one of the considerations. It'll be a constitutional issue, not unconstitutional statute. They didn't say that. It'll be a constitutional issue. And besides, in contemplation of bankruptcy is a phrase that everybody understands what it means. That's loading up language. That's what courts have used it for for years. Okay. Well, then it becomes, well, why is it – where does the line go drawn to, as Judge Newsom said, bucket one or two, why is it not advice to pay a fee to an attorney? It doesn't say advice to incur debt to pay a fee. Yes, it does. I think the most natural reading of the statute is that it says advice to incur debt to pay an attorney. I would submit to the court that the incurred debt is modifying in contemplation of. And I think for reasons Chief Judge Karnes suggested during your opponent's argument, that's just very tough to scrub at the language, and it makes very little sense. It walks you into a First Amendment issue. Why wouldn't – I mean, you know, what Millivet says is it's not only a narrower reading, it's the most natural reading. Why wouldn't we just accept the most natural reading, which says advice to incur a debt to pay the lawyer? Well, let's say if you take the government's position that these are severable, under what situation would you think that a person would abuse this second clause? I don't understand that at all. But maybe you could say that's not your position. Right. There are times now, if I could focus into the constitutionality, I think it would answer your question, Judge Seiler, which is those times in which it would sweep and be overly broad would be times in which the attorney would turn around and say, go ahead and make payment, but we can't file until such time as the payment's done and you've paid it back. Two, go ahead and make payment, but we're going to have to go ahead and reaffirm the debt to the bankruptcy court and the trustee. You're not going to be able to discharge it. That's unconstitutional to apply in those circumstances, which aren't present here under the allegations in paragraph 10. Well, these are, my understanding is unconstitutional on its face and as applied. Well, but the problem with unconstitutional on its face outside of the First Amendment is you've got to show there's no situation in which it can be constitutionally applied. We know that that's not, I'm sorry, speaking for myself, there are circumstances in which it can be applied, which is where the attorney doesn't say, and then we'll repay it before you file for bankruptcy. They're allowed to plead their case and then unconstitutional as applied, you've got to show the case they've pleaded it will be unconstitutional to apply the statute to it, or if you want to do a facial attack, there's no conceivable basis, no circumstance in which it can be constitutionally applied. That's just facial constitutionality outside the First Amendment. Now, the only thing I'm bringing to the Court's attention is the representation here is that there has been advice given to pay a debt. That's the allegation supposedly in paragraph 11. Incur a debt, not pay a debt. Incur a debt. However, the record also contains, or the complaint also contains, that attachment and exhibit incorporate into the allegations the payment authorization, which the debtor said he was paying by debit card, and he signs it. So we have a exhibit contradicting the allegation in the complaint, and although not argued, not before this Court, it's my understanding that an exhibit to a complaint, which contradicts the allegations of the complaint, controls. So you have a debtor representing, I'm not paying by credit card, I'm paying by debit card. So you win on that. We send it back. They get an opportunity to amend. It's back here in a year and a half for a different panel. I just bring that up. It sounded good at the time you said it. I still believe, though, Your Honor, and I know I'm coming up on my time, that if we look to, this is a First Amendment challenge. This is advice, attorney's advice to a client. I always thought that was under a different . . . Intermediate? Yeah. Well, I mean, the attorney's not on the sidewalk with a billboard saying, pay your bankruptcy retainer fee with a credit card, strike one for debtor's freedoms. This is attorney-client communication problems. Right, and that would be First Amendment strict scrutiny is the test, because it is commercial speech. It could be commercial speech for profit, but it's not necessarily not strict scrutiny. I think it's just as Scalia said, most commercial speech is for profit. He said that in Board of Trustees. The difference is whether or not it's part of a transaction. So that being said, if we apply the strict scrutiny, we apply the intermediate scrutiny. If the compelling reason is to stop abuse and you have instances in which the attorney can advise the client to incur debt to pay him, which does not foster the abuse, then isn't it overly broad and sweeps too broadly? But especially if we're under intermediate scrutiny, isn't Congress, this goes to Chief Judge Karn's point earlier, isn't Congress entitled to make an empirical judgment that, by and large, that's not how it goes down. By and large, it goes down where you say, incur some debt, put it on the card so that you can pay me, and not we'll wait to file the petition until you've paid it off. Congress is entitled to make a judgment that there is inherent in this system abuse of the sort that the Bankruptcy Protection Act or whatever it's called is intended to target. Congress, I think they can legislate, but they can't legislate outside of the First Amendment. So, yes, they can turn around and say we have this compelling interest. Yes, we're going to try to prevent that and legislate against it, but they need to narrowly tailor that statute. And if, in fact, we're reading it as advice to incur a debt to pay a fee and there is instances where the attorney can give advice as not to abuse the system, which is the compelling interest, then it becomes overly broad and sweeping, which was the whole reason why I thought constitutional avoidance would be the way to go, which is to impute an improper purpose, like Millivitz did. Okay, counsel. Thank you. This is a good time to hear from Ms. Euclid. Thank you. Perfect time to hear from her about the constitutionality of the statute. Good morning, Your Honor. It's a pleasure to be here. Jennifer Utrecht on behalf of the United States. I think that we have already addressed the first two points that I wanted to make in some detail, which, to summarize, were the most natural reading of the statute is, as Your Honors discussed earlier, parsing the statute in a manner that bans as the second prong advice to incur debt to pay an attorney or as put in the House report on the statute, in order to pay an attorney. The second point that I wanted to make is the way that the district court interpreted the statute by taking the test from Millivitz about the improper purpose would render the second portion of the statute superfluous. We have taken the position that the second portion of the statute is violated any time that someone gives advice to incur debt to pay an attorney for representation in bankruptcy, and it's that advice itself that is the improper purpose, and there are a number of reasons for that. First, such advice, just like the discussion in Millivitz about the problems with the incontemplation of filing prong, such advice is going to potentially harm the debtors. Under Section 523 of the Bankruptcy Code, any debt that is obtained under false pretenses cannot be discharged if an attorney were to advise their client to take on debt or encourage their client to take on debt in order to pay for his representation without giving full information to his client about what the consequences of that were. It would lead to the client suddenly having debt that could not be discharged. The reason it couldn't be discharged, multiple reasons, isn't it? Aren't there several reasons it wouldn't be discharged? Well, the first reason it would not be discharged is because it would be debt obtained under false pretenses, which would fall under Section 523. There are a number of court cases... What's the false pretenses? So a false pretense is a number of court cases across the country... To the creditor? Correct, because there's no intent to repay the debt. So you're supposed to look to the subjective intent of the debtor at the time of incurring the debt. The second potential problem here for abuse is that there's harm to creditors. If this debt is discharged, the creditors have essentially been forced into subsidizing the very bankruptcy proceedings that are going to have the debt that they own discharged. And the third potential problem... Those were the two things discussed in Milovic's, and we think those concerns apply equally here. The third potential problem with advice to incur debt in order to pay an attorney is the potential for attorney overreach. Even when an attorney believes they might be acting in their client's best interest by giving this type of advice, there's always a risk that their exercise of professional judgment is going to be clouded by their own pecuniary interest. There's a risk that the circumstances of having a vulnerable debtor without full information about what should happen will sort of give uninformed acquiescence into a course of action that isn't actually in their best interest. Do you think an attorney violates this law if he tells his client, just give me a credit card, and we'll let you pay it down until you pay your whole fee and we'll file? Like what happened here? Is that a violation, or does it take some further abuse than that? Well, so, Your Honor, to be clear, there's no allegations here that the attorney told his client to pay back the credit card before filing. But... So you say when that's left out, it is a violation of this? Without any... Because those allegations do not exist, it would be a violation for an attorney to give affirmative instruction or encouragement to incur debt for the purpose of paying for representation. We believe that the statute has room for attorneys to discuss options with their clients to say these are the various ways in which you can pay for bankruptcy. And in best practices, an attorney would say there are many consequences for potentially taking out debt, and you should be aware of those consequences if you're going to take this path. You should know that you need to pay this back. But because there is a potential for a conflict of interest here and an appearance of impropriety, because this has problems with you, I cannot recommend that course of action. I can only say that that is available to you. So many people go into Chapter 7 completely out of money or pretty close to it, and they can't pay whatever that charge is, $1,700 in this case or so. What is the attorney supposed to tell them? Go get it from your daddy, but you're going to have to pay him back before you go into bankruptcy, or it'll be discharged. I don't understand exactly what a lawyer can say in this sort of case if his client has no money. That's the person who files it. Right, and that is the case in many of these Chapter 7 cases is that there are debtors with very limited assets. We believe, again, that the attorneys are fully capable of discussing all of the client's options with them. It is, as the Supreme Court said in Milovic's, the term advice refers to affirmative instruction or encouragement. And so long as the attorney is not actually encouraging a course of action that says, incur debt and is simply saying, here are your options, here are the risks that come with each of those, what do you, you know, I cannot, as a matter of avoiding conflicts of interest, tell you to do something that could potentially harm you simply to pay me, but I want you to know that one of the things that you could do is you could take out debt from family members, you could ask for a gift, you could stop paying your credit card payments, which is usually what happens before filing for bankruptcy anyway, and the amount of money that you save, stop from doing that can go to my retainer. We can put off filing for bankruptcy until you're able to scrounge up enough money. There are a number of options that bankruptcy professionals use in order to give options to their clients, and we think all of these kinds of discussions are perfectly acceptable under the statute. So, but then you agree, or do you agree, with the allegation here in paragraph 10, which uses the word instruct. You just said advice, as the court said in Milovic's, means instruction or affirmative encouragement. So the allegation here in paragraph 10, instruct, sufficient. So, Your Honor, to be clear, the reason that we brought that argument up in our brief is because the thrust of the plaintiff's complaint in this case, including the allegations about the putative class members, suggests that the statute was violated simply because they accepted a credit card in payment. We do not believe the statute should be interpreted as simply banning all advice to pay attorneys, including accepting credit cards in payment. The term instruct doesn't say a lot about what was actually said. It doesn't say whether the attorneys were simply discussing options. If this court believes that that is sufficient to constitute advice under Milovic's description that this is supposed to be active encouragement or affirmative instruction, then we believe this falls squarely within the text of the statute. It seems to me like instruct is instruct or advise. I mean, that's what the Supreme Court said, and plus instruct goes beyond advise. And, Your Honor, again, if this court agrees, believes that that's sufficient, then we believe that this falls squarely within the text of the statute because our main concern in this case was ensuring that the statute was appropriately interpreted. What you've said so far is helpful, but we really need some help on the constitutional issue. Yes. So there are a couple of points that I would like to make here. First, until this argument, KEL has not made any as-applied allegations to the statute as appropriately interpreted. Its brief and its motion to dismiss, the arguments presented there were entirely based on the idea that the statute was a ban on advice to pay attorneys generally. And for reasons already discussed that we don't need to go into any further, we do not believe that's an appropriate interpretation of the statute. It is a ban on advice to incur debt in order to pay an attorney. And the counsel for KEL has suggested that there might be circumstances in which an attorney is not telling a debtor to incur, excuse me, is telling a debtor to incur debt that should be paid back and that that perhaps would be overbroad. Again, this is an as-applied challenge and there are no allegations here that that is the case. And third, there is the fit under what we believe would fall squarely either into restriction on attorney speech under Gentile v. State of Nevada, Nevada Bar, or central Hudson commercial speech. This is a transaction between the consumer, debtor, and the attorney about how they are going to pay for the attorney's fees. And there is substantial government interest in preventing the types of abuses and attorney overreach that could potentially happen here. The question then becomes, is there a reasonable fit between the congressional goals and the ends that are actually achieved? And to that extent, we believe the answer is yes. There has been a congressional judgment that advice to incur debt in order to pay an attorney, similar to advice to incur debt in contemplation of filing, is always going to have some sort of abusive potential and that we need to prevent the potential for an attorney's professional judgment being clouded by their own pecuniary interests. And to that extent, we believe that the decisions in Milovitz and the follow-up cases in the Second Circuit and Ninth Circuit on the First Amendment question would also squarely control whether the second prong of the statute is constitutional. If there are no further questions, thank you. Thank you. Mr. Micler, I think probably since that's been covered and we've covered parts of your argument as well as you've covered it, I'd like to hear from you primarily about page 15 of the appendix, which indicates it was paid by a debit card instead of a credit card. And, Your Honor, if I could turn to that page of the contract, page 15, what Mr. Cadwell actually circled was the portion of that debit, MasterCard, Visa. He only circled MasterCard and Visa. And that factually is very important because he did not circle the debit portion of it. What strikes me about this contract, Your Honor, is that you had... Your answer would have been, so what? It pays in cash. What the statute prohibits is advice. And he got the advice in the form of an instruction to pay by credit card, violation complete. What am I missing? Well, in my attempt to answer your question directly, Your Honor, I did gloss over that. And that is covered in paragraph 10 of the complaint. The instruction, and Milovic defines what advice is, it's the instruction or encouragement to an assisted person to incur more debt. You also allege that he paid the first payment, $250, by the credit card, and you identify the credit card. So I guess you'd say to the extent of any ambiguity between the allegations and the attachments that's construed in favor of the pleader. I don't believe there's an ambiguity because attached as page 14 of the contract here is the actual credit card transaction receipt, which clearly labels it as a credit card. And then you have this follow-up circling MasterCard and Visa. And to get to Judge Seiler's point earlier, there are instances where people come in and they say, we don't have any money to file bankruptcy. And that's particularly the point of this statute is to not put the attorney's monetary interest in front of the service to the client and the integrity of the bankruptcy system and the potential recovery for creditors in the bankruptcy system. If someone comes into an attorney in that situation, what Congress has clearly said is that you just can't fund the bankruptcy on the backs of the creditors. You have to tell that person, either I'll do it for free or I can't do it unless you pay me. That's what 526A4 says as far as . . . I thought your position was you can tell the debtor, here's the options to you for payment. Certainly, and that's part of that conversation. And in the conversation, one of the options you can explain to him is a credit card. But you cannot instruct him . . . You can't instruct him . . . Or advise him to choose it. Either one of those, yes, Your Honor, and it is a fine line. It's not going to take much of a push for him to figure out that if he doesn't have any cash . . . Correct, and that's . . . He's got a credit card and he's about to file bankruptcy, that's the way to go. And that's the problem I have with the government's hypothetical is, well, you can't use a credit card, I can't tell you to use it, but if you did, we could file the case. I believe then you get into a real question of did you actually advise them or did you not? And that seems to go down the road of in contemplation of bankruptcy where Congress has just said you cannot advise. Well, you may have a swearing match between the debtor and the attorney, but you're always going to have that in a cause of action here. Correct, and that's what the side L opinion says is that it doesn't matter who said what, did you encourage them to do it and did you actually tacitly encourage them by taking the card? Advise. Thank you, Your Honor. Thank you. We'll take that case under submission along the way. Thank you.